UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00931-TWP-DKL |
| | ) | |
| LARRY TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Before the Court are the parties' cross-motions for summary judgment. Following the discovery of unauthorized use of his photograph of the Indianapolis skyline, Plaintiff Richard N. Bell ("Mr. Bell") initiated this action, seeking damages and declaratory and injunctive relief under copyright laws. On August 12, 2015, Mr. Bell filed a Motion for Summary Judgment (Filing No. 13), and on September 21, 2015, the Defendant, Larry Turner ("Mr. Turner") filed a Cross-Motion for Summary Judgment (Filing No. 20). For the following reasons, the Court **grants in part and denies in part** each parties' Motion for Summary Judgment.

## I. BACKGROUND

At the center of this dispute is a photograph, taken by Mr. Bell, of the Indianapolis, Indiana skyline ("the Indianapolis Photo"). Mr. Bell took the Indianapolis Photo in March 2000 and first published it on the World Wide Web on August 29, 2000, by uploading it to a Webshots online account. It was later published on www.richbellphotos.com, sometime on or after March 15, 2011, where it is available for purchase or license for $200.00. Mr. Bell registered the copyright of the Indianapolis Photo effective on August 4, 2011. In December 2012, Mr. Bell discovered through

the computer program "Google Images" that a website operated by Mr. Turner had published the

Indianapolis Photo without paying for its use.

## II. <u>LEGAL STANDARD</u>

Summary judgment is only appropriate by the terms of Rule 56 where there exists "no

genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56. This notion applies equally where, as here, opposing parties each move

for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774

(7th Cir. 1996). Indeed, the existence of cross-motions for summary judgment does not necessarily

mean that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., Inc. v. Int'l*

*Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). Rather, the process of taking the

facts in the light most favorable to the non-movant, first for one side and then for the other, may

reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the

court's] review of the record requires that [the court] construe all inferences in favor of the party

against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, Ins.*, 246

F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th

Cir. 1998)).

A court is not permitted to conduct a paper trial on the merits of a claim and may not use

summary judgment as a vehicle for resolving factual disputes. *Ritchie v. Glidden Co., ICI Paints*

*World-Grp.*, 242 F.3d 713, 723 (7th Cir. 2001); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918,

920 (7th Cir. 1994). Indeed, a court may not make credibility determinations, weigh the evidence,

or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir.

2003) ("these are jobs for a factfinder"); *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490

(7th Cir. 2007). Instead, when ruling on a summary judgment motion, a court's responsibility is to

decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Id.*

## III. DISCUSSION

Mr. Bell seeks summary judgment against Mr. Turner for copyright infringement and his request for declaratory judgment, permanent injunction, statutory damages, costs and attorney's fees. Mr. Turner seeks summary judgment as to any damages claims, declaratory judgment, or injunctive relief. The Court will address each argument in turn.

### A.      Copyright Infringement

To establish copyright infringement, one must prove two elements:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). "Copyright protection begins at the moment of creation" and a certificate of copyright is "*prima facie* evidence of its validity." *Id.* at 914-15. As to the first element, Mr. Bell asserts that he took the Indianapolis Photo and he received a valid certificate of copyright for the photograph on August 4, 2011. Mr. Turner designated no evidence to the contrary. The Court finds this sufficient to establish ownership of the copyright. As to the second element, Mr. Turner admits that he posted the Indianapolis Photo on his website continuously since 2009. The Court finds that this act does amount to copying of a copyrighted work, and thus, the basic elements of copyright infringement have been established. Mr. Bell is entitled to summary judgment on his claim for copyright infringement.

### B.      Statutory Damages

Mr. Bell seeks both statutory damages and an attorney's fee award; however, he is not entitled to either. The Copyright Act provides that a plaintiff can receive an award of statutory damages—in lieu of actual damages and profits—"in a sum not less than $750 or more than

$30,000" for each infringement. 17 U.S.C. § 504(c)(1). If the copyright infringement is willful, "the court in its discretion may increase the award of statutory damages to an award of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has the discretion to assess damages within these statutory limits. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952); *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985). In exercising its discretion to determine statutory damages, the Court considers factors including:  (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

The Copyright Act precludes a plaintiff from obtaining statutory damages and attorney's fees if the infringement of the work commenced after publication but before registration. 17 U.S.C. § 412(2) ("no award of statutory damages or attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work); *FM Indus. v. Citicorp Credit Servs.*, 614 F.3d 335, 336 (7th Cir. 2010); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 363 (S.D.N.Y. 2006). Indeed, statutory damages are available only for infringement after registration, and then only if the registration occurred within three months of the work's publication. *Id*.

In this case, Mr. Turner admits to posting the Indianapolis Photo in 2009, well before Mr. Bell registered the Indianapolis Photo with the United States Copyright Office on August 4, 2011. As such, Mr. Bell is not entitled to either statutory damages or attorney's fees. 17 U.S.C. § 412(2);

*FM Indus.*, 614 F.3d at 336; *Baker*, 431 F. Supp. 2d at 363. Further, this conclusion is not affected by the fact that Mr. Turner continued to post the Indianapolis Photo after Mr. Bell registered it with the Copyright Office. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700-02 (9th Cir. 2009) ("the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412"); *Whelan Assocs. Inc. v. Jaslow Dental Lab., Inc.*, 609 F. Supp. 1325, 1331 (E.D. Pa. 1985). Accordingly, Mr. Bell is not entitled to statutory damages or attorney's fees, and Mr. Turner is granted summary judgment on these issues.[1]

## C.     Actual Damages

Mr. Bell also cannot establish actual damages or indirect profits, which he additionally claims entitlement to in his Complaint. Actual damages are "usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyright work to the infringer." *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003). In his Complaint, Mr. Bell contends that he is entitled to actual damages. (Filing No. 1 at 9.)  In his summary judgment motion, Mr. Bell asserts that he "currently sells and has sold the commercial digital download version of [the Indianapolis Photo] for $200.00 for several years." (*See* Filing No. 14 at 3.)

However, Mr. Bell has not designated any objective evidence of the Indianapolis Photo's fair market value. In this regard, Mr. Bell must put forth evidence of value that is based on more than "undue speculation." *McRoberts Software*, 329 F.3d at 566 (holding that it is not improper

---

[1] The Court acknowledges that it awarded statutory damages to Mr. Bell in a similar copyright infringement case, *Richard N. Bell v. Royal Corniche Travel LTD.*, No. 1:13-cv-00035-TWP-DKL (S.D. Ind. Feb. 23, 2015). However, the Court notes that in that case, statutory damages were awarded as the result of default judgments, and the Court did not have the benefit of opposing counsel bringing to the Court's attention the statutory bar or limitation to an award of statutory damages and attorney's fees. In this case, opposing counsel raised the statutory bar to statutory damages and attorney's fees, 17 U.S.C. § 412(2), and they are properly denied here.

for a jury to consider a hypothetical value when supported by several categories of evidence that took the hypothetical value beyond speculation). Here, however, there is no evidence other than Mr. Bell's unsupported assertion that he has sold the rights to the Indianapolis Photo for years at a price of $200.00. Without any support or evidence, this value is based on undue speculation.

Similarly, Mr. Bell also cannot establish damages based on Mr. Turner's indirect profits. To determine an infringer's profits, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). This statutory section has been interpreted "to require the plaintiff to show a reasonable relationship or causal nexus between gross revenue and the infringement." *Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 926 (N.D. Ill. 2009). This is a case of indirect profits, which "have a more attenuated nexus to the infringement" where the "infringers did not sell the copyrighted work, but used the copyrighted work to sell another product." *Id.* (internal quotation marks omitted).

Mr. Bell has submitted no evidence to suggest that Mr. Turner's website generated business. Thus, he cannot sustain a claim that Mr. Turner profited from the use of the Indianapolis Photo. Further, even if he could establish Mr. Turner's gross revenue, Mr. Bell has designated no evidence to demonstrate a causal nexus between the use of the Indianapolis Photo and that revenue. As a result, Mr. Bell has not met his burden on summary judgment of establishing either Mr. Turner's gross revenue or a causal nexus. *See Mackie v. Rieser*, 296 F.3d 909, 916-17 (9th Cir. 2002) ("we hold that to survive summary judgment on a demand for indirect profits pursuant to § 504(b), a copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement"). Accordingly, summary judgment is granted to Mr. Turner on this issue.

**D.**      **Injunctive Relief**

Finally, the Court concludes that Mr. Bell is entitled to injunctive relief.[2]  Pursuant to the

Copyright Act, the Court may grant injunctions "on such terms as it may deem reasonable to

prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, monetary damages are

insufficient to compensate Mr. Bell for his injury because monetary damages will not prohibit

future infringement. The only hardship Mr. Turner will suffer from the imposition of an injunction

is the inability to engage in unlawful activity through unauthorized use of the copyrighted

photograph. An injunction will serve the public interest by protecting copyrighted material and

encouraging compliance with federal law. The appropriate injunction will prohibit Mr. Turner

from posting or otherwise using the Indianapolis Photo in the future.

Further, the Court agrees with Mr. Bell that Mr. Turner should be made to turn over any

copies of the Indianapolis Photo that are in his possession. *See* 17 U.S.C. § 503(b) ("[a]s part of a

final judgment or decree, the court may order the destruction or other reasonable disposition of all

copies . . . found to have been made or used in violation of the copyright owner's exclusive rights").

Thus, Mr. Bell is granted summary judgment on his claim for injunctive relief.

### IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS in part** and **DENIES in part** Mr.

Bell's Motion for Summary Judgment (Filing No. 13), and **GRANTS in part** and **DENIES in**

**part** Mr. Turner's Motion for Summary Judgment (Filing No. 20).

---

[2] Mr. Bell also seeks declaratory relief in his Complaint. However, the Court does not consider declaratory relief to be necessary because injunctive relief has been. *See City of Highland Park v. Train*, 519 F.2d 681, 693 (7th Cir. 1975) ("[w]hile the availability of another remedy does not preclude declaratory relief, a court may properly decline to assume jurisdiction in a declaratory action when the other remedy would be more effective or appropriate"). Thus, the Court **denies** Mr. Bell's request for declaratory relief.

Consistent with the above discussion, Mr. Turner is **ENJOINED** from using the Indianapolis Photo unless he first pays Mr. Bell for such use. In addition, Mr. Turner is **ORDERED** to immediately turn over any digital or hard copies of the Indianapolis Photo that are in his possession to Mr. Bell.

Having resolved all of Mr. Bell's claims, the Court will issue final judgment by separate order.

    **SO ORDERED**.

Date: 3/31/2016

DISTRIBUTION:

Frederick A. Turner
ATTORNEY AT LAW
fred@fredturnerlaw.com

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana