UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| RICHARD N. BELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00931-TWP-DKL |
| | ) | |
| LARRY TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant Larry Turner's ("Turner") Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 43). Following cross-motions for summary judgment the Court entered summary judgment in favor of Plaintiff Richard N. Bell ("Bell"), on his request for injunctive relief regarding a copyright infringement claim but against Bell on his request for damages and attorney fees (Filing No. 35). Thereafter, Bell filed his Bill of Costs in the amount of $414.25, which the Court taxed against Turner on November 9, 2016 (Filing No. 42). On November 14, 2016, Turner filed a Motion for Reconsideration, asking the Court to alter the taxation of costs and to order each party to pay their own costs. For the following reasons, the Court **DENIES** Turner's Motion for Reconsideration.

## I. LEGAL STANDARD

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to

reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). Turner's "Motion for Reconsideration" was filed five days after the Court issued the taxation of costs. Therefore, the Court will analyze the Motion as a motion to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II.  DISCUSSION

In his Motion for Reconsideration, Turner acknowledges that Federal Rule of Civil Procedure 54(d)(1) provides, "[u]nless a federal statute, these rules, or a court order provides

otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Turner then explains that the Copyright Act, which is the basis for this lawsuit, gives the Court discretion to award costs and fees, with a presumption that attorney fees should be awarded to prevailing defendants.

Turner notes the factors to consider when determining whether to award fees and costs in a copyright case and then very briefly addresses those factors as applied to this case. He argues that Bell's case was frivolous, and that although the Court granted injunctive relief to Bell, such relief was unnecessary because he was no longer using Bell's photograph and would not use Bell's photographs in the future. Turner points out that Bell was denied damages and attorney fees. As such, he argues, Bell cannot be considered a "prevailing party" for purposes of being awarded his costs. Turner claims that he should be considered the prevailing party because damages were denied to Bell, and the injunctive relief "is really of little moment." ([Filing No. 43 at 3](Filing No. 43 at 3).)

In response, Bell explains that Turner never objected to nor moved to set aside the Court's Order granting injunctive relief to Bell. As such, the Court's Order granting injunctive relief to Bell is in force and makes Bell the prevailing party. Rule 54(d)(1) states that prevailing parties should be awarded their costs. Thus, Bell asserts that the award of costs should not be reversed.

The Court notes that Turner has failed to point out any manifest error of law or fact in the Court's award of costs to Bell. More importantly, Turner failed to file any response objecting to the award of costs before the Court entered its Order awarding costs. A "Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g*, 2009 U.S. Dist. LEXIS 25485, at *7. Turner's arguments about prevailing parties and the factors to consider in awarding costs in copyright actions could and should have been presented after Bell filed his Bill of Costs but before the Court

entered its Order on costs. These arguments are not properly brought before the Court for the first time on a motion to reconsider. Therefore, the Court determines that the relief sought in Turner's Motion for Reconsideration is not warranted.

### III. CONCLUSION

Because Turner has not shown a manifest error of law or fact in the Court's award of costs and because he failed to raise his arguments opposing costs when he could and should have raised them, the Court **DENIES** Turner's Motion for Reconsideration (Filing No. 43).

**SO ORDERED**.

Date: 5/12/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frederick A. Turner
ATTORNEY AT LAW
fred@fredturnerlaw.com

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net